

225 BROADWAY
SUITE 715
NEW YORK, NY 10007
T: 212 323 6922
F: 212 323 6923

January 19, 2021

The Honorable Victor Marrero
United District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:  *United States v. Zagora Davis*
     16 Cr. 272 (VM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: January 20, 2021

Dear Judge Marrero:

    I represent the defendant, Zagora Davis, in the above referenced matter. Ms. Davis pleaded guilty and on April 5, 2019, she was sentenced by Your Honor to 3 years of probation, including six months of home confinement. Ms. Davis completed her home confinement and is currently serving the remaining portion of probation. The purpose of this letter is to respectfully request that the Court terminate Ms. Davis' remaining term of probation. She has been in full compliance with the requirement of her supervision and is working hard to better herself and become a productive member of society. The Government and Probation do not object to this request.

    18 U.S.C. § 3583(e) provides that a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release… if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant ...—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier,* 104 F.3d 32, 36 (2d Cir.1997).

    Courts in both the Southern and Eastern Districts of New York have found early termination of a defendant's supervised release warranted where a defendant has exhibited post-sentencing rehabilitative efforts and admirable conduct while on supervised release. *United States v. Wood*, 2009 WL 3259422 (E.D.N.Y. Oct. 8, 2009); *United States v. Rentas*, 573 F.Supp.2d 801 (S.D.N.Y. Aug. 25, 2008) (defendant convicted of conspiracy to distribute one kilogram or more of heroin was entitled to termination of his supervised release after he served approximately three years and four months of a five-year term, where defendant had been steadily employed since his release from prison, he was married,

his spouse was also steadily employed, defendant had not tested positive for drug use since his release, defendant's probation officer stated that defendant had complied with all directives, and he had no arrests or run-ins with law enforcement during his supervised release term). Additionally, courts have granted a defendant's request for early termination of supervised release even where the defendant had violated certain terms of his release by drinking alcohol or using marijuana. *United States v. o as*, 346 F.Supp.3d 326 (E.D.N.Y. Nov. 6, 2018) (termination of defendant's supervised release, which was imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute heroin, was warranted, even though defendant violated terms of release by drinking alcohol while participating in drug treatment program; defendant had completed treatment for opioid addiction and no longer used illegal drugs, his involvement with underlying scheme was to fund his own drug use, alcohol use was unrelated to opioid addiction or criminal scheme, defendant drank alcohol socially, defendant was fully employed and had a stable family, and continued supervision would probably interfere with reintegration into society as he could needlessly be placed in prison); *United States v. rotter*, 321 F.Supp.3d 337 (E.D.N.Y. July 13, 2018) (early termination of defendant's term of supervised release was warranted, despite his habitual marijuana use, where, since his release from jail, defendant had not committed any other crimes, he had been working and was likely to lead productive, law-abiding life).

In this case, Ms. Davis' behavior has been exceptional while on supervised release. She has always attended meetings with her probation officer on time, has consistently tested negative on all drugs tests, and has not participated in any new criminal conduct. Further, while the case was still pending, Ms. Davis received her associate's degree[1] and was looking forward to continuing her education and obtaining a bachelor's degree. She tried to go back to school and register for classes in the beginning of March 2020; however, the school informed her that they were going to shut down as a result of the COVID-19 pandemic. Ms. Davis is still interested in obtaining her bachelor's degree and will re-register for classes once the school re-opens.

In addition to her education, Ms. Davis has been gainfully employed since being sentenced. She was working as a receptionist at Uni Wax until December 9, 2020, and then began working at Forrest Solutions, an outsourcing and staffing agency. Ms. Davis was hired at Industrious Office, a shared office space, as a receptionist on December 10, 2020. She paid her special assessment fee[2] and is abiding by all of her supervision requirements.

Ms. Davis also continues to care for her mother, who had been diagnosed with cancer. Fortunately, her mother has regained much of her strength and independence, but Ms. Davis still checks on her to make sure that she is safe and healthy. She visits with her mother as much as she can and is glad that her mother is back on her feet.

As a result of Ms. Davis' compliance with the terms of her probation as well as her motivation to better herself, it is respectfully requested that the Court terminate Ms. Davis' remaining term of probation. The Court's time and consideration of this matter are greatly appreciated.

---

[1] Exhibit A   Associate's Degree.
[2] Exhibit   Special Assessment Fee Receipt.

                                                                         Very truly yours,

                                                                                                                       s

                                                                Calvin H. Scholar

CHS jb

cc:     AUSA Maurene Comey     *via* ECF



Request **GRANTED.**
Defendant Zagora Davis's remaining term of probation is hereby terminated.

**SO ORDERED.**

January 20, 2021

DATE                    VICTOR MARRERO, U.S.D.J.

UNITED STATES v. ZAGORA DAVIS
16 CR. 272 (VM)

EXHIBIT A
Associate's Degree

Case 1:16-cr-00272-WM Document 59-1 Filed 01/20/21 Page 5 of 7

Davis, Zagora
15039200
BEC-AAS

1179

# Borough of Manhattan Community College

of

The City University of New York

In pursuance of the authority vested in it by the Laws of the State of New York and upon recommendation of the Faculty of the Board of Trustees of the City University of New York

confers upon

**Zagora Davis**

the degree of

## Associate of Applied Science

with all the rights and privileges, immunities and honors thereunto belonging and in testimony thereof it grants this diploma sealed with the seal of the College and signed by the appropriate Board, University, and College officers.

Given this month of January, 2018.

William C. Thompson
Chair of the Board

James B. Milliken
Chancellor of the University

President of the College

Senior Vice President of Academic Affairs



UNITED STATES v. ZAGORA DAVIS
16 CR. 272 (VM)

EXHIBIT
Special Assessment Fee Receipt

```
Court Name: District Court
Division: 1
Receipt Number: 465401247746
Cashier ID: Swooten
Transaction Date: 11/04/2019
Payer Name: ZAGORA DAVIS
------------------------------------
CRIMINAL DEBT
  For: ZAGORA DAVIS
  Case/Party: D-NYS-1-16-CR-000272-008
  Amount:           $100.00
------------------------------------
CASH
  Amt Tendered:    $100.00
------------------------------------
Total Due:         $100.00
Total Tendered:    $100.00
Change Amt:          $0.00
```